Probate Court of Franklin County.

J. A. SHEARER, ADMR. V. MARY COADY GASSTMAN, ET AL.

Decided September 25, 1933.

*John A. Connor, Wilbur E. Benoy, Butler & Bartlett* and *Kerr & O'Rourke,* for defendants.

MCCLELLAND, J.

J. A. Shearer as administrator of the estate of Bridget Coady, deceased, has filed with this court a petition for a determination of the heirs of said decedent, who died intestate on January 9, 1932. Said decedent died leaving none of the persons mentioned in the first seven sub-sections of the statute of descent and distribution (Section 10503-4, General Code) but left lineal descendants of both her paternal and maternal grandparents. Counsel have signed and submitted to the court a stipulation of facts in which are set forth charts showing very clearly the family trees of the paternal and maternal grandparents of said decedent. On the paternal side said decedent had three uncles all of whom predeceased her, but who left issue, some living and others deceased leaving other issue living. On the maternal side said decedent had two uncles and three aunts all of whom predeceased her, but who left issue, some living and others deceased leaving other issue living, except in one family one of such issue died leaving still other issue living.

The main question raised in this case is whether or not the estate of said decedent shall be divided equally between

the lineal descendants of the paternal grandparents on the one hand, and the lineal descendants of the maternal grandparents on the other.

The point of difference between counsel is that counsel for the affirmative side of the question claim that subsection 8 of Section 10503-4, General Code, applies, while on the other hand counsel for the negative side of the question claim that Section 10503-7, General Code applies. We set forth these two sections of the General Code in full.

"Section 10503-4, General Code. STATUTE OF DESCENT AND DISTRIBUTION. When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"1. If there be no surviving spouse, to the children of such intestate or their lineal descendants, *per stirpes*.

"2. If there be a spouse and one child, or its lineal descendants, surviving, one-half to the surviving spouse and one-half to such child or its lineal descendants, *per stirpes*.

"3. If there be a spouse and more than one child, or their lineal descendants, surviving, one-third to the surviving spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, *per stirpes*.

"4. If there be no children, or their lineal descendants, three-fourths to the surviving spouse and one-fourth to the parents of the intestate equally, or to the surviving parent; if there be no parents, then the whole to the surviving spouse.

"5. If there be no spouse and no children, or their lineal descendants, to the parents of such intestate equally, or the survivor of such parents.

"6. If there be no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, *per stirpes*.

"7. If there be no such brothers or sisters or their lineal descendants, the property in the estate shall pass to the grandparents of the intestate equally, or to the survivor or survivors of such grandparents.

"8. If there be no grandparent or grandparents, then to the lineal descendants, if any, of such grandparent or grandparents, *per stirpes;* if none, then to the next of kin of the intestate, *per stirpes*. There shall be no representation among next of kin.

"9. If there be no next of kin, to stepchildren or their lineal descendants, *per stirpes*.

"10. If there be no stepchildren or their lineal descendants, escheat to the state of Ohio."

"Section 10503-7, General Code. DESCENT WHEN ALL DESCENDANTS OF EQUAL DEGREE OF CONSANGUINITY. When all the descendants of an intestate, in a direct line of descent, are on an equal degree of consanguinity to the intestate, whether children, grandchildren or great-grandchildren, or of a more remote degree of consanguinity to such intestate the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be."

Counsel for the negative side of the question contend that the first cousins of said decedent now living take *per capita*, and that the children of deceased first cousins, or the children of deceased second cousins, take *per stirpes*, in accordance with Section 10503-7, General Code.

In deciding this question we are satisfied to rely upon the recent decision of Judge Walther of the Common Pleas Court of Cuyahoga county, in the case of *Davey et al* v. *Climo, et al*, 30 N. P. (N. S.) 457. The same question was involved in that case and the facts were similar except that one of the uncles of the decedent was living. Very eminent counsel of Cleveland were interested in the case, having submitted rather exhaustive briefs, and the opinion of Judge Walther we think, is well worked out to the logical conclusion. The court held in that case that one-half of the decedents estate went to the lineal descendants of the paternal grandparents and the other one-half went to the lineal descendants of the maternal grandparents.

As to which statute applied to the case, the court in its opinion makes this significant statement, at the bottom of page 463:

"In the oral argument and in the briefs submitted counsel for plaintiffs in error and defendants in error do not agree as to whether the rule laid down in the English case of *Gibson* v. *Fisher*, L. R. 5, Eq., 51, decided by the Master of the Rolls, or whether the case of *Robinson* v. *Shepherd*, 32 Bevin's Reports, decided by the Lord Chancellor, 665, 4 De. G., J. S., 192 is better authority. It happens that the

court is not called upon to determine which of these two cases is to be regarded more favorably for the reason that the Ohio Statute above referred to, to-wit, Section 10503-4, sub-section 8, General Code, lays down the rule. As a matter of fact the case law under Section 10503-9, General Code, does not control for the reason just stated. The court has studied the authorities cited by counsel, and does not deem it necessary that the same be reviewed in this opinion because, as above stated, since we hold that Section 10503-4, sub-section 8, General Code, being a new and special enactment, its provisions control over Section 10503-9, General Code, and the cases decided under said latter section."

The above statement with reference to Section 10503-9, General Code, not applying to that case, may be applied with equal force to Section 10503-7, General Code, the section upon which counsel in support of the negative side of the question in this case rely.

While the case above referred to disposes of the question, we cannot resist the observation in passing, that we fail to see how Section 10503-7, General Code, applies at all to this case where we have descendants in the fourth, fifth and sixth degree of consanguinity to said decedent, as "determined by degrees of relationship computed by the rules of civil law," which law by express statute we are required to follow (Section 10503-2, General Code).

The above case is the only one called to the courts attention which has decided this question under our new statute of descent and distribution, and we are informed by counsel that this statute was not adopted from any other state.

It follows from the above quotation from *Davey et al* v. *Climo, et al*, that the cases under the old law cited by counsel need not be reviewed, for as the court says, the case law does not control for the reason that Section 10503-4, sub-section 8, General Code, lays down the rule.

The court in interpreting the language of Section 10503-4, sub-section 8, General Code, in the above case came to the following conclusion, on page 466:

"Therefore, the court being of the opinion that Section 10503-4, sub-section 8, General Code, controls over Section 10503-9, General Code, and that the *stirps* or roots are to

be found in the respective grandparents and not the first generation removed from such grandparents, the judgment of the Probate Court is reversed and descent and distribution is ordered in accordance with this opinion."

and on page 464 the court observed:

"Upon a very thorough and careful consideration of Section 10503-4, sub-section 8, General Code, which is in the following language:

"If there be no grandparent or grandparents, then to the lineal descendants, if any, of such grandparent or grandparents *per stirpes*.

"The court is unable to escape the conclusion that when the legislature used the words "grandparent or grandparents" it identified and intended such grandparent or grandparents to be the root or stock. There does not seem to be any other good reason why the legislature used these words. If the uncles and aunts were to be the roots then the legislature should have used different languages, and if it intended the uncles and aunts to be the roots, it should have said, in addition to that which it did say,—

" 'Or to the uncles and aunts, if any, of such decedent and their lineal descendants, *per stirpes*,' or it might have adopted the language substantially as follows:

" 'If there be no grandparent or grandparents, then to the lineal descendants, if any, of such grandparent or grandparents,' and to their descendants *'per stirpes.'*

"It is of course elementary that one cannot *be a stirps* or root or stock and at the same time be a taker, because the phrase *per stirpes* anticipates the decease of the root."

The term *per stirpes* is defined in "V" Words and Phrases, 935, as follows:

*"Per Stirpes* means by or according to stock or root: by right of representation. When descendants take by representation of their parent they are said to take *per stirpes*: that is children take among them the share which their parent would have taken if living."

and in Webster's Dictionary as follows:

"By stocks, as representatives of stocks: used to designate that mode of considering or reckoning the rights or liabilities of descendants in which the children of any one descendant collectively have or take only the share which their parent would have taken if living."

It must be observed that Section 10503-4, General Code, is a new departure from the old law, and that the use of the term *per stirpes* throughout the new section changes the whole complexion of the law of descent and distribution in Ohio.

Our conclusion therefore is that the one-half of the estate of said decedent, which goes to the lineal descendants of the paternal grandparents should be divided into three equal parts, and distributed among such lineal descendants, *per stirpes,* and the other half, which goes to the lineal descendants of the maternal grandparents should be divided into five equal parts, and distributed among such lineal descendants, *per stirpes.*

Since the lineal descendants of both sets of grandparents take through those grandparents, and not directly in their own right, the children of Edward Coady, deceased, and James Coady, deceased, who are double cousins of said decedent, take their proportionate share of the one-half of the estate as lineal descendants of the paternal grandparents, and their proportionate share of the other one-half as lineal descendants of the maternal grandparents. It could not be otherwise under the holding of *Davey et al* v. *Climo, et al, supra.*

One more question has been submitted to the court, and that is whether Lena Cummins, an adopted daughter of Daniel Cummins deceased, is entitled to the share of her adopting parent, the same as if she was his natural child. Section 10512-19, General Code, permits said Lena Cummins to inherit the share of Daniel Cummins, her adopting parent.

Let an entry be drawn in accordance with this opinion.